January 9, 1939


Hon. Forrester Hancock
District Attorney
Waxahachie, Texas

Dear Mr. Hancock:

                              Opinion No. O-42
                              Re:  Poll Tax

              Your telegram of January 6, 1939 as follows, re-
ceived:

                    "WAXAHACHIE TEX JAN 6 1939
              GERALD C. MANN
              ATTORNEY GENERAL OF TEXAS AUSTIN TEX-

              WHAT POLL TAX IS NECESSARY TO VOTE ON INDEPENDENT
              SCHOOL DISTRICT BOND ISSUE TO BE HELD JANUARY 7
              1939 ASSUMING ONE HAS PAID HIS 1938 POLL TAX BUT
              FAILED TO PAY HIS 1937 POLL TAX IS SUCH A PERSON
              ELIGIBLE TO VOTE IN THE AFORESAID ELECTION? WIRE
              OPINION IF POSSIBLE-

                    FORRESTER HANCOCK DISTRICT ATTORNEY
                    ELLIS COUNTY TEX"

              In reply thereto, the following wire was sent to
you as of today:

                    "AUSTIN TEX JANUARY 7 1939
              HON FORRESTER HANCOCK
              DISTRICT ATTORNEY WAXAHACHIE TEX

              QUALIFIED VOTERS ELECTION TODAY OUR OPINION
              PERSON WITH 1938 POLL TAX RECEIPT ONLY NOT
              QUALIFIED VOTER PERSON WITH 1937 POLL TAX
              RECEIPT IS QUALIFIED  SEE ARTICLE 2955 REVISED
              STATUTES AND NEIL VERSUS PILE  75 SOUTHWESTERN
              SECOND 899 -

                    ATTORNEY GENERAL OF TEXAS
                    BY GEO S BERRY ASSISTANT"

Hon. Forrester Hancock, January 9, 1939

In confirmation of your wire hereinabove quoted, this is to adivse that by an opinion of Honorable Earl Street, Assistant Attorney General, on December 20, 1935, in his letter opinion addressed to Hon. Don Parker, County Auditor, Eastland, Texas, the following was his holding:

"Article 2955, R.C.S. and court opinion of Neil V. Pile, 75 S. W. (2d) 899, to effect that if a person offers to vote during the month of January 1936, he need not have paid the poll tax which is now due, but which he has until January 31, 1936 to pay. If he paid his poll tax prior to January 31, 1935, that is, if he holds what is commonly known as a "1935 Poll Tax Receipt" he is eligible to vote during the month of January 1936. If he does not hold such receipt than he is not eligible to vote during said month even though he may have paid the poll tax which is now due and payable, that is, what is commonly known as the "1936 Poll Tax Receipt."

Your attention is especially called to that part of Article 2955 Revised Civil Statutes of Texas of 1925, which in part reads as follows:

"... holds a receipt showing that said poll tax was paid before the first day of February next preceding such election;. . ."

We believe that the opinion heretofore given by Mr. Street, and stated above, is the law and the rule is therein correctly stated.

Believeing that we have made the situation clear to you, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      (signed) Geo. S. Berry
                Assistant

GSB:RS

APPROVED:
 (signed)
      Gerald C. Mann
ATTORNEY GENERAL OF TEXAS